NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

J'MANI XI-HERU,

             Plaintiff,

    v.

JAMES J. GLICK and TOMS RIVER
MUNICIPAL COURT,

            Defendants.

Civil Action No. 25-3821 (RK) (TJB)

**MEMORANDUM ORDER**

**KIRSCH, District Judge**

    **THIS MATTER** comes before the Court upon *pro se* Plaintiff J'Mani Xi-Heru's ("Plaintiff") application to proceed *in forma pauperis* (ECF No. 1-4, "IFP"), together with his Complaint (ECF No. 1, "Compl.") and Emergency Motion for Injunctive Relief (ECF No. 4, "TRO"). For the reasons explained below, the application to proceed *in forma pauperis* is **DENIED**, the Complaint is **DISMISSED** without prejudice, and the Emergency Motion for Injunctive Relief is **DENIED.**

    I.    **BACKGROUND**

    This case involves Plaintiff's attempt to halt his ongoing municipal court proceedings. Plaintiff describes himself as "a living man, the Chief & Trustee of the Xi-Heru Chiefdom Private Trust Agreement, and the Authorized User and Creditor of the legal fiction JMANI D OLIVER." (Compl. at 2.)[1] As a result of his self-identification as head of a "Chiefdom" and his claim that

---

[1] For purposes of this decision, the Court cites CM/ECF page numbers when referring to specific pages in the Complaint and its exhibits.

"Jmani D. Oliver" is solely a legal fiction, Plaintiff asserts that Defendants Judge James J. Gluck ("Judge Gluck") and the Toms River Municipal Court ("Municipal Court") (together "Defendants") have required him to participate in Municipal Court hearings without jurisdiction and in violation of his constitutional rights. (*Id.*)

Although Plaintiff's Complaint does not explain the substance of Plaintiff's Municipal Court proceedings, and whether he actually has any upcoming hearings in said court, a notice attached to the Complaint provides clarity. (*See* ECF No. 1-3 at 25.) The document, addressed to Jmani D. Oliver in Browns Mills, New Jersey, directs Plaintiff to Municipal Court on May 14, 2025 for an in-person hearing related to a ticket issued on December 4, 2024. (*Id.*) According to the Notice, the ticket was issued for a violation of a New Jersey state statute that creates "penalties for failure to carry motor vehicle insurance coverage." (*See id.*); N.J. Stat. Ann. 39:6B-2.

Plaintiff alleges that on March 13, 2025, he appeared in a virtual proceeding in Municipal Court and "invoked his Sixth Amendment right to know the nature and cause of the accusation and challenged the Court's jurisdiction." (Compl. at 2–3.) Judge Gluck then allegedly entered a plea[2] on Plaintiff's behalf, which Plaintiff alleges constituted "unauthorized representation and a violation of due process." (*Id.* at 3.) Plaintiff objected to the plea, and Judge Gluck then allegedly removed Plaintiff from the virtual hearing, "muting him, and denying him any opportunity to be heard." (*Id.*)

Plaintiff alleges that following the virtual proceedings, he sent Defendants a "Notice of Abatement," which included an "affidavit of status," a copy of the "Xi-Heru Chiefdom Private Trust Agreement," Plaintiff's "Tribal Identification Card," a motor vehicle title transferring his

---

[2] An attached "Notice of Fact and Challenge to Jurisdiction" that is dated March 13, 2025 and addressed to the State of New Jersey explains that a plea of "not guilty" was entered on Plaintiff's behalf. (ECF No. 1-3 at 2.)

2

vehicle into the Trust, and a "formal notice correcting misidentification of Plaintiff as the legal fiction 'JMANI D OLIVER.'" (*Id.*) Plaintiff asserts that following this incident, and after Defendants did not respond to the "Notice of Abatement," the Municipal Court persisted in sending him notices, further "violating Plaintiff's rights and ignoring jurisdictional challenges." (*Id.*)

The "Notice of Abatement" is attached to Plaintiff's complaint as a two-paged letter addressed to Judge Gluck. (ECF No. 1-3 at 9–10.) The Notice of Abatement explains that the case against Plaintiff "appears to be directed at the legal fiction JMANI DEREK OLIVER, a commercial entity formed through various adhesion contracts (birth certificate, social security, license, etc.)." (*Id.* at 9.) Plaintiff asserts: "I am not that legal person, but rather the living man who created and sustains that entity through my labor, energy, and being. I appear only as the authorized user and creditor, not as the legal fiction or surety." (*Id.*)

Pursuant to 42 U.S.C. § 1983, Plaintiff asserts causes of action against Defendants for violations of his First, Fifth, Sixth, and Fourteenth Amendment rights. He alleges that Judge Gluck violated his Sixth Amendment right to know the nature of the charges against him, violated his First Amendment right by retaliating against him for "asserting his rights" (i.e., stating objections) in a public hearing, and violated his Due Process rights, as codified in the Fifth and Fourteenth Amendments, by proceeding without jurisdiction over him. (Compl. at 3–4.) Plaintiff also seeks relief in the form of a declaration that the Municipal Court lacks subject matter jurisdiction over him and also seeks an emergency injunction halting all proceedings in Municipal Court against Plaintiff. (*Id.*) Plaintiff requests $1 million in damages: $250,000 in compensatory damages for reputational harm, emotional distress, and loss of rights, as well as $750,000 in punitive damages due to "reckless and intentional" violations of constitutional protections. (*Id.* at 4.) Along with his

Complaint, Plaintiff filed an IFP application. (*See* IFP). Plaintiff also filed an Emergency an Emergency Motion for Injunctive Relief. (*See* TRO.)[3]

## II.  IFP SCREENING

Under 28 U.S.C. § 1915, a plaintiff may proceed *in forma pauperis*—without paying a filing fee. The Court engages in a two-step analysis when considering IFP applications: "First, the Court determines whether the plaintiff is eligible to proceed under 28 U.S.C. § 1915(a). . . . Second, the Court determines whether the Complaint should be dismissed as frivolous or for failure to state a claim upon which relief may be granted, as required by 28 U.S.C. § 1915(e)." *Archie v. Mercer Cnty. Courthouse*, No. 23-3553, 2023 WL 5207833, at *2 (D.N.J. Aug. 14, 2023) (citing *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990)). The IFP statute requires that a plaintiff demonstrate financial need through the submission of a complete financial affidavit. *See Atl. Cnty. Cent. Mun. Court Inc. v. Bey*, No. 24-0105, 2024 WL 1256450, at *1 (D.N.J. Mar. 22, 2024) (citing 28 U.S.C. § 1915(a)).

Plaintiff has failed to demonstrate that he has any financial need because his IFP application is devoid of any financial information. Although Plaintiff submitted a signed long-form IFP, he has written "N/A" in every single box, and has not provided any financial figures. (*See* IFP at 1–5.) He lists no employer, no assets, no expenses, no income, no debts, and no anticipated changes to his financial situation. (*Id.*) Under a question asking for other information, Plaintiff writes: "I am benificare [sic] of a trust agreement[.] I do not receive federal reserve note. I receive food, clothes and healthcare products. I do not have or own [] federal reserve notes." (IFP

---

[3] The Emergency Motion was filed first as part of Plaintiff's Complaint (*see* ECF No. 1-1, 1-2) and subsequently added to the docket as a separate entry (*see* ECF No. 4).

at 5.) Plaintiff has wholly failed to provide the Court with information to determine whether he is eligible to proceed *in forma pauperis*, and the Court accordingly **DENIES** his application.

### III.  COMPLAINT SCREENING

Although a court is not required to conduct a screening of a complaint after denying an IFP application, the Third Circuit has endorsed a "flexible approach" that allows a court to dismiss a case "at any time . . . regardless of the status of a filing fee." *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019). The Court proceeds to screen Plaintiff's complaint here in an effort to "conserve judicial resources" later. *See id.*

The Court may dismiss any claims that are "(1) . . . frivolous or malicious; (2) fail[] to state a claim upon which relief may be granted; or (3) seek[] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). A court must be mindful to hold a *pro se* plaintiff's complaint to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

To recap, Plaintiff seeks injunctive relief against Defendants in the form of halting the ongoing Municipal Court proceedings against him; he also seeks monetary relief against Defendants in the form of $1 million in compensatory and punitive damages. (*See* Compl. at 3–4.) The Court concludes that none of Plaintiff's claims or requests for relief are viable: (i) Judge Gluck is immune from all claims asserted against him, (ii) the Municipal Court is not a proper defendant for any claims against it, and (iii) this Court has no basis to effectuate injunctive relief.[4]

---

[4] The Court also notes that the proper avenue to contest state or municipal judgments is through the state appellate process. *See, e.g., Houseknecht v. Gettins*, No. 07-256, 2009 WL 113273, at *4 (W.D. Pa. Jan. 15,

A. JUDGE GLUCK

Plaintiff's claims against Judge Gluck, which are brought against him in both his personal and official capacities (Compl. at 1), are barred by the doctrine of judicial immunity. The judicial immunity doctrine is "founded upon the premise that a judge, in performing his or her judicial duties, should be free to act upon his or her convictions without threat of suit for damages." *Figueroa v. Blackburn*, 208 F.3d 435, 440 (3d Cir. 2000). "Judges are generally absolutely immune from suit in both their individual and official capacities." *Lee v. Gallina-Mecca*, No. 21-20197, 2022 WL 4354724, at *5 (D.N.J. Sept. 19, 2022). Under this doctrine, "a plaintiff may not sue a judicial defendant for money damages based on actions taken within the defendant's judicial capacity." *Muhammad v. Cappellini*, No. 10-2374, 2011 WL 3034393, at *4 (M.D. Pa. July 25, 2011) (citing *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978)). Judicial immunity similarly "shields judges from suit for injunctive relief." *Williams v. Moore*, No. 12-2005, 2012 WL 5499877, at *5 n.1 (D.N.J. Nov. 9, 2012).

The Third Circuit has explained that this immunity can only be overcome in two narrow sets of circumstances: (i) in undertaking nonjudicial acts, i.e., actions not taken in the role of judge, or (ii) actions that may have the appearance of being judicial in nature, but are "'taken in the complete absence of all jurisdiction.'" *Figueroa*, 208 F.3d at 440 (quoting *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991)). This doctrine applies fully to municipal court judges, including Judge Gluck. *Bartee v. Shenkus*, No. 24-8326, 2024 WL 5074750, at *2 (D.N.J. Dec. 11, 2024) ("Judicial immunity extends to judges of courts of limited jurisdiction, such as municipal court or administrative law judges, because their roles are 'functionally comparable' to that of a judge."

---

2009) (citing *Sides v. City of Champaign*, 496 F.3d 820, 824 (7th Cir. 2007)); *Imoore v. Gasbarro*, No. 12-2605, 2012 WL 1909368, at *8 (D.N.J. May 25, 2012) (citation omitted).

(citing *Figueroa*, 208 F.3d at 441)). Here, Plaintiff's claims against Judge Gluck are barred under the doctrine of judicial immunity because (i) all of the alleged harms stem from Judge Gluck's actions in his judicial capacity, and (ii) Judge Gluck did not act in the "complete absence of all jurisdiction." *Figueroa*, 208 F.3d at 440.

More specifically, Plaintiff alleges that Judge Gluck "silenced" him from speaking during a Zoom hearing and removed him from the virtual room after Plaintiff repeatedly objected to the Court's jurisdiction. (Compl. at 1, 3.) Such action is clearly within Judge Gluck's judicial authority since he acted in the virtual court setting—during a court proceeding over which he was presiding—in effectuation of his traditional judicial mandate to "exercis[e] control over the courtroom while court is in session." *Gallagher v. Allegheny Cnty.*, No. 09-103, 2011 WL 284128, at *6 n. 10 (W.D. Pa. Jan. 25, 2011). Thus, the first exception to judicial immunity is inapplicable.

As to the second exception, Plaintiff appears to believe that Judge Gluck acted in complete absence of jurisdiction by holding a judicial proceeding against Plaintiff. The exact basis of this assertion is not entirely clear but seems rooted in the idea that as a "Chief & Trustee" of the "Xi-Heru Chiefdom Private Trust Agreement," Plaintiff is somehow outside the bounds of New Jersey law and the New Jersey court system and is only subject to his own laws (or possibly no laws at all). In furtherance of this theory, Plaintiff attaches to his Complaint an "Affidavit of Fact and Challenge to Jurisdiction" that he purportedly sent to the State of New Jersey on March 13, 2025. (ECF No. 1-3 at 1–3.) In a "Statement of Capacity and Status" Plaintiff states that he is "a living soul, residing in the flesh, competent to testify and acting in [his] natural capacity." (*Id.* ¶ 1.) He continues, "[m]y true and proper name is J'mani Xi-Heru. The legal fiction name involved in this case is 'JMANI DEREK OLIVER,' which is a separate and distinct artificial entity created and recognized by the state. I am NOT the legal fiction named 'JMANI DEREK OLIVER,' but I am

appearing under special appearance as the authorized user for this entity, strictly for the purpose of challenging the jurisdiction of this court." (*Id.* ¶¶ 2–3.)

Plaintiff's notion that he is somehow exempt from the jurisdiction of New Jersey municipal courts "has no conceivable validity in American law." *Smith v. Pennsylvania*, No. 24-925, 2024 WL 5228072, at *4 (E.D. Pa. Dec. 26, 2024) (quoting *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990)). There are occasions when plaintiffs, who often refer to themselves as "sovereign citizens," assert that they "follow their own set of laws and, accordingly, do not recognize federal, state, or local laws, policies, or regulations as legitimate." *United States v. DiMartino*, 949 F.3d 67, 69 (2d Cir. 2020) (internal quotation marks and citations omitted). Others refer to themselves as a "secured-party creditor" or a "flesh-and-blood human being," much like Plaintiff does here. *See, e.g., United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011). The Third Circuit has maintained that such legal theories purporting to preclude plaintiffs from the jurisdiction of the courts "should be rejected summarily, however they are presented." *El v. Moore*, No. 23-3255, 2024 WL 4299030, at *1 (3d Cir. Sept. 26, 2024) (quoting *Benabe*, 654 F.3d at 767), *cert. denied*, No. 24-6432, 2025 WL 1020388 (U.S. Apr. 7, 2025); *see also United States v. Taylor*, 21 F.4th 94, 102 n.6 (3d Cir. 2021). In any event, the Court finds that Plaintiff has not alleged that Judge Gluck acted in "complete absence" of his jurisdiction, and therefore the second exception to judicial immunity does not apply. Indeed, the allegations demonstrate that Judge Gluck's actions were part and parcel of his jurisdiction over Plaintiff's case.

Accordingly, Plaintiff's claims against Judge Gluck are barred *in toto* on the basis of judicial immunity.

B. THE MUNICIPAL COURT

Plaintiff's claims against the Municipal Court under 42 U.S.C. § 1983 also fail because the Municipal Court is not a proper defendant. To state a claim under Section 1983, a "plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a *person* acting under color of state law." *Caldwell v. Vineland Mun. Ct.*, No. 08-4102, 2011 WL 900055, at *2 (D.N.J. Mar. 14, 2011) (emphasis added) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). A claim under Section 1983 can only be asserted against a proper "person." *Id.*

Courts in this district have routinely held that New Jersey municipal courts are not proper Section 1983 defendants because they are not "persons" under this statute. *See, e.g., id.* (holding that Vineland Municipal Court cannot be sued under Section 1983); *Trapp v. New Jersey*, No. 17-10709, 2018 WL 4489680, at *6 (D.N.J. Sept. 19, 2018) (holding that Elizabeth Municipal Court cannot be sued under Section 1983); *Rawlings v. Hamilton Twp. Mun. Ct.*, No. 10-4626, 2011 WL 1322272, at *2 (D.N.J. Apr. 4, 2011) (holding that Hamilton Township Municipal Court cannot be sued under Section 1983); *Bell v. Brigantine Mun. Ct.*, No. 07-1587, 2008 WL 11509914, at *1 (D.N.J. Mar. 27, 2008) (holding that Brigantine Municipal Court cannot be sued under Section 1983).

The Court finds no basis to depart from this well-settled law, and Plaintiff does not assert any claims against the Municipal Court that do not arise out of Section 1983. Accordingly, all claims against the Municipal Court fail.

C. INJUNCTIVE RELIEF

Although there is already sufficient basis to dismiss Plaintiff's claims against both Defendants, the Court is further prohibited from granting Plaintiff's requests seeking "an

emergency injunction halting all proceedings" under his pending Municipal Court case and prohibiting "further legal harassment, retaliation, or misidentification of Plaintiff." (Compl. at 4.)[5] These requests amount to Plaintiff asking this federal Court to enjoin his ongoing Municipal Court proceedings, which began in March 2025 and are expected to continue at least through May 2025. (*See* ECF No. 1-3 at 25.) However, this Court has only a limited and circumscribed power to enjoin ongoing state proceedings—a power which is not implicated here.

To the extent Plaintiff seeks to have a municipal civil proceeding enjoined,[6] the 1793 Anti-Injunction Act imposes "an absolute prohibition [ ] against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions." *Atl. Coast Line R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970).[7] The Act's three narrowly-read exceptions apply only "when expressly authorized by statute, necessary in aid of the court's jurisdiction, or necessary to protect or effectuate the court's judgment." *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 146 (1988). No exception applies here. *First*, no statute authorizes this Court to enjoin Plaintiff's municipal court proceeding. *Second*, the proceeding does not "so interfer[e] with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prod. Liab. Litig.*, 134 F.3d 133, 144 (3d Cir. 1998) (quoting *Atl. Coast Line R. Co.*, 398 U.S. at

---

[5] Plaintiff seeks injunctive relief both in his Complaint and also in his Emergency Motion. (ECF No. 4.) The Court addresses barriers to injunctive relief here and fully incorporates this analysis into its decision on Plaintiff's Emergency Motion, *infra*.

[6] Plaintiff has not alleged whether his municipal court proceedings are civil or criminal in nature. Either way, the Court is prohibited from enjoining his appearance in municipal court.

[7] "A municipal court is a state court for the purposes of the anti-injunction act." *Zaklama v. City of Bayonne*, No. 06-1951, 2007 WL 63998, at *1 (D.N.J. Jan. 5, 2007) (citation omitted); *see also In re Raphael*, 238 B.R. 69, 80–82 (D.N.J. 1999) (categorizing New Jersey municipal courts as state courts rather than city courts).

295). *Third*, this Court has issued no order or judgment that could be threatened by the municipal court proceeding.

With respect to state criminal proceedings, "the Supreme Court held that, absent extraordinary circumstances, a federal court cannot enjoin an ongoing state-court criminal proceeding." *Borowski v. Kean Univ.*, 68 F.4th 844, 849 (3d Cir. 2023) (citing *Younger v. Harris*, 401 U.S. 37 (1971)).[8] Plaintiff has not demonstrated "extraordinary circumstances" warranting a stay of his municipal proceeding, even if it is criminal in nature. Therefore, the Court is prohibited from enjoining Plaintiff's upcoming court appearance.

Accordingly, because Plaintiff fails to state a claim against either Defendant, and the Court is further precluded from enjoining Plaintiff's ongoing Municipal Court proceeding, Plaintiff's Complaint is **DISMISSED** without prejudice.

IV. **EMERGENCY MOTION FOR INJUNCTIVE RELIEF**

Plaintiff also filed an Emergency Motion for Injunctive Relief along with his Complaint and IFP application. (*See* ECF No. 4.) In his Motion, Plaintiff restates the allegations in his Complaint and seeks (1) a Temporary Restraining Order and Preliminary Injunction halting all proceedings in his case in the Municipal Court; (2) an order restraining Defendants "from taking further actions under or based upon the misidentified legal fiction "JMANI D OLIVER"; (3) a finding that the Municipal Court lacked jurisdiction over Plaintiff; and (4) further relief that "the Court deems just and proper." (TRO at 4.) For substantially the same reasons described above, Plaintiff's Emergency Motion is **DENIED**.

---

[8] Courts in this district have also applied the *Younger* abstention doctrine in the context of New Jersey municipal courts. *See Ramapough Mtn. Indians, Inc. v. Twp. of Mahwah*, No. 18-9228, 2018 WL 10374641, at *2 (D.N.J. June 11, 2018).
11

"A preliminary injunction is an extraordinary remedy granted in limited circumstances. Those seeking one must establish that (A) they are likely to succeed on the merits of their claims, (B) they are likely to suffer irreparable harm without relief, (C) the balance of harms favors them, and (D) relief is in the public interest." *Issa v. Sch. Dist. of Lancaster*, 847 F.3d 121, 131 (3d Cir. 2017). The requirements for a TRO are the same as those for a preliminary injunction. *See Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 319 (3d Cir. 2020).

Plaintiff argues that he is likely to succeed on the merits of his claims because he has "demonstrated" that Defendants "have proceeded in absence of jurisdiction, ignored a lawful objection, and violated clearly established constitutional protections." (TRO at 3.) But, as discussed *supra*, Plaintiff at this juncture cannot succeed on the merits of his claims: all claims against Judge Gluck are barred under the judicial immunity doctrine, all Section 1983 claims against the Municipal Court fail because the Municipal Court is an improper defendant, and, in any event, the Court lacks authority to enjoin the ongoing proceedings against Plaintiff pursuant to either the Anti-Injunction Act of 1793, the *Younger* abstention doctrine, or both.

Having found that "there is no reasonable likelihood of success on the merits, there is no need for the Court to discuss the other aspects of the injunction inquiry." *Am. Home Prods. Corp. v. Proctor & Gamble Co.*, 871 F. Supp. 739, 763 n.16 (D.N.J. 1994) (citing *Opticians Ass'n v. Independent Opticians*, 920 F.2d 187, 192 (3d Cir. 1990)). The Emergency Motion is denied.

Accordingly, for the reasons set forth above and for other good cause shown,

**IT IS** on this 13th day of May, 2025, **ORDERED** that:

1. Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-4) is **DENIED**;
2. Plaintiff's Complaint (ECF No. 1) is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e);

3. Plaintiff's Emergency Motion (ECF No. 4) is **DENIED**;

4. Plaintiff may have this case reopened within thirty (30) days of the date of entry of this Memorandum Order by (i) paying the filing fee or filing a new application to proceed *in forma pauperis*; and (ii) filing an amended complaint;

5. If Plaintiff fails to file an amended complaint within the thirty (30) days, the Complaint will be dismissed with prejudice;

6. Upon receipt of a new application to proceed *in forma pauperis* and an amended complaint within the time allotted by this Court, the Clerk will be directed to reopen this case;

7. The Summons shall not issue at this time, as the Court's *sua sponte* screening of the amended complaint has not yet been completed; and

8. The Clerk's Office is directed to terminate the Motion at ECF No. 4; and

9. The Clerk's Office is directed to **CLOSE** this matter and serve on Plaintiff by regular U.S. mail this Memorandum Order and a blank IFP Form.

_____
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**